IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-05-4160 |
| NL INDUSTRIES, *et al.*, | § § § | |
| Defendants. | § § | |
| | | |
| TRE MANAGEMENT COMPANY, | § § | |
| Plaintiffs, | § § § | |
| VS. | § § | CIVIL ACTION NO. H-06-3504 |
| GEORGIA-PACIFIC CORPORATION, *et al.*, | § § § § | |
| Defendants. | § | |

**PARTIAL FINAL JUDGMENT AS TO
CLAIMS RESOLVED IN ARBITRATION**

Judgment is issued in favor of TRE Holding Corporation ("TRE Holding"), TRE Management Company ("TRE Management"), NL Industries, Inc. ("NL"), and Tremont LLC ("Tremont") (together, the "Tremont Parties") and against plaintiffs Halliburton Energy Services, Inc. ("HESI") and DII Industries, LLC ("DII") (together, "Halliburton"), as set forth below.  This court issues this final judgment pursuant to this court's Memorandum and Opinion dated March 31, 2008 confirming the arbitration panel's contract award of June 29,

2007 (the "Contract Award") and the arbitration panel's allocation award of September 10, 2007 (the "Allocation Award") (together, the "Awards").

This judgment is also entered pursuant to this court's order under Federal Rule of Civil Procedure 54(b), in which this court directed entry of final judgment as to the claims resolved in the arbitration, after determining that there is no just reason for delay.

In accordance with this court's March 31, 2008 Memorandum and Opinion confirming the Awards, it is ordered that:

1) HESI is the legal owner of all of the "Mining property, Malvern, Arkansas," including the 100 Acres, and the three-acre plot commonly referred to as the "Powder House," as those terms are defined in the Awards.

2) Halliburton must defend, indemnify, and hold harmless the Tremont Parties for the Shared Costs, Reserved Costs, and Future Costs, as defined in paragraph 6.a(i)–(iii) of the parties' Cost Sharing Agreement, whether arising under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) or the Arkansas Remedial Action Trust Fund Act (RATFA), including claims or liability (including attorneys' fees) for response or remedial costs incurred or to be incurred at the Dresser Industries-Magcobar Barite Mine Site in Hot Springs County, Arkansas described in the Awards (the "Site"). These costs include those for claims by third parties, including without limitation those of Georgia-Pacific Corporation (n/k/a Georgia-Pacific LLC), Milwhite, Inc. and M-I, LLC, the United States Environmental

        Protection Agency and the Arkansas Department of Environmental Quality, and any other governmental agency, relating to or associated with the 100 Acres and all leased properties at the Site.

3) Claims for natural resource damages and causes of action or claims by non-governmental third parties for personal injury or property damage relating to the Site are not covered by this judgment.

4) Tremont is entitled to full reimbursement from Halliburton in the amount of Eight Million, Six Hundred Fifty Thousand and No/100s Dollars ($8,650,000.00) for remediation expenses incurred at the Site as of June 30, 2007. Tremont is also entitled to full reimbursement from Halliburton in the amount of Three Hundred Eighty-Six Thousand, One Hundred Ninety-Seven and 48/100s Dollars ($386,197.48) for remediation expenses paid at the Site from July 1, 2007 through April 30, 2008. The total amount of remediation expense paid through April 30, 2008 is Nine Million, Thirty-Six Thousand, One Hundred Ninety-Seven and 48/100s Dollars ($9,036,197.48). This amount does not include Shared Costs or Future Costs, as these terms are defined in the April 26, 2005 Final Allocation Agreement, incurred or to be incurred after April 30, 2008.

5) Tremont is entitled to Eight Hundred Ninety-Seven Thousand, Two Hundred Thirty-One and 52/100s Dollars ($897,231.52), as interest for the period from December 9, 2005 through August 31, 2007. Tremont is entitled to additional

    interest on all unpaid amounts awarded by the arbitration panel in the Allocation Award, confirmed by this court's March 31, 2008 Memorandum and Opinion, and reduced to judgment by this partial final judgment. The Allocation Award provides for additional interest accruing at the simple rate of six percent (6%) per year from September 1, 2007, continuing until the amounts awarded are paid in full. Tremont is entitled to Four Hundred Twenty-One Thousand, Eight Hundred Ninety-Four and 23/100s Dollars ($421,894.23) in additional interest from September 1, 2007 through May 28, 2008. The total amount of interest through May 28, 2008 is One Million, Three Hundred Nineteen Thousand, One Hundred Twenty-Five and 75/100s Dollars ($1,319,125.75). This amount does not include interest incurred or to be incurred after May 28, 2008.

6) Tremont is entitled to Five Hundred Thousand and No/100s Dollars ($500,000.00) in legal fees up to August 31, 2007. Tremont is also entitled to legal fees of Two Hundred Thirty Seven Thousand, Three Hundred Sixteen and 86/100s Dollars ($237,316.86) for the period beginning September 1, 2007 and ending May 30, 2008. The total amount of legal fees through May 30, 2008 is Seven Hundred Thirty Seven Thousand, Three Hundred Sixteen and 86/100s Dollars ($737,316.86). This amount does not include legal fees incurred or to be incurred after May 30, 2008.

7) Tremont's judgment against Halliburton totals Eleven Million Ninety-Two

Thousand Six Hundred Forty Dollars and Nine Cents ($11,092,640.09) [$9,036,197.48 + $1,319,125.75 + $737,316.86], together with the costs as described above incurred after April 30, 2008, plus any legal expenses incurred after May 30, 2008, plus additional interest at the rate of six percent (6%) per annum, commencing May 29, 2008 and continuing until the amounts awarded are paid in full.

Under FED. R. CIV. P. 54(b), this court directs the entry of final judgment as to the claims resolved in the arbitration that resulted in the Awards. As more fully set out in the Memorandum and Opinion of even date, there is no just reason for delay in entering a final judgment on the claims resolved in the arbitration.

This judgment is without prejudice to the Tremont Parties' right to enforce additional relief granted in the Awards confirmed by this court's March 31, 2008 Memorandum and Opinion. This judgment also is without prejudice to the Tremont Parties' ability to seek relief as to issues not addressed by the arbitration panel, including issues involving properties and liabilities not part of the arbitration.

SIGNED on July 2, 2008, at Houston, Texas.

                                    Lee H. Rosenthal
                         United States District Judge