**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-05-4160 |
| NL INDUSTRIES, *et al.,* | § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| TRE MANAGEMENT COMPANY, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-06-3504 |
| GEORGIA-PACIFIC CORPORATION, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Halliburton—Halliburton Energy Services, Inc. ("HESI") and DII Industries, LLC ("DII")—moves under Federal Rule of Civil Procedure 59 to set aside the partial final judgment entered on the claims resolved in the arbitration with the Tremont Parties—TRE Holding Corporation ("TRE Holding"), TRE Management Company ("TRE Management"), NL Industries, Inc. ("NL"), and Tremont LLC ("Tremont"). (Docket Entry No. 295). The Tremont Parties oppose the motion. (Docket Entry No. 298).

Based on the motion, the response, the record, and the applicable law, this court denies Halliburton's motion.  The reasons are set out in detail below.

## I.    Background

The factual and procedural background of this case has been described in detail in this court's previous opinions and orders, including those issued in July 2006, March 2008, and July 2008.  Only the background relevant to the pending motion for new trial or to alter or amend the judgment is summarized here.

On March 31, 2008, this court entered a Memorandum and Opinion confirming the two awards resulting from the arbitration conducted between Halliburton and the Tremont Parties.  (Docket Entry No. 239).  The arbitration awards allocated responsibility between Halliburton and the Tremont Parties for past and future costs of investigating and remediating environmental contamination at a site near Magnet Cove and Malvern, Arkansas (the "Site").  The panel concluded that Halliburton rather than the Tremont Parties was responsible for the costs.   On July 2, 2008, this court entered final judgment under Federal Rule of Civil Procedure 54(b) on the claims resolved in the arbitration.   (Docket Entry No. 277).  Halliburton has filed a notice of appeal from the order confirming the awards and the partial final judgment.  (Docket Entry No. 286).  This court entered an order staying the monetary portion of the July 2, 2008 judgment, conditioned on Halliburton posting a supersedeas bond, and denying Halliburton's request to stay the nonmonetary portion of the judgment.  (Docket Entry No. 291).  Halliburton subsequently filed its supersedeas bond. (Docket Entry No. 293).

On July 17, 2008, Halliburton filed this Motion for New Trial or to Alter or Amend the Judgment.  Halliburton asks this court to "set aside its Partial Final Judgment As To Claims Resolved in Arbitration signed and entered on July 2, 2008, and enter an order vacating the arbitration awards dated June 29, 2007, and September 10, 2007."  (Docket Entry No. 295 at 8).  In its motion, Halliburton emphasizes that in confirming the arbitration awards, this court noted that its own disagreement with the arbitrators' conclusions would not be a basis for vacatur.  Halliburton contends that this standard of review violates its constitutional due process rights.  (*Id.* at 2–3).  Halliburton asserts that under the Supreme Court's decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008), "manifest disregard" remains a viable basis for vacating arbitration awards under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9–11.  (Docket Entry No. 295 at 3–6).  Halliburton contends that if "manifest disregard" is no longer a valid standard for vacating an arbitration award, "then the remaining restricted standard of review for arbitration awards and the FAA, to the extent it prescribes such a limited standard of review, violates HESI's and DII's due process rights."  (*Id.* at 7).  Specifically, Halliburton argues that "[e]radicating manifest disregard of the law as a basis for vacatur of an arbitration award converts the quasi-judicial arbitration process into a process unbounded by governing law and, in this case, violates HESI's and DII's due process rights."  (*Id.*).  Halliburton also asserts:

> Any judicial procedure sanctioning the incorrect application of the law is fundamentally unfair and constitutes a violation of due process and a deprivation of liberty or property.  Because the Fifth Amendment limits such arbitrary authority and guarantees against unreasonable, capricious, or arbitrary laws,

3

> allowing a quasi-judicial body to ignore or pay no attention to the law is fundamentally unfair and unconstitutional. Additionally, requiring a district court to uphold a decision from a quasi-judicial body that ignores or pays no attention to the law is fundamentally unfair and unconstitutional.

(*Id.* at 7–8).

The Tremont Parties contend that Halliburton has not met the Rule 59 standard for granting a new trial or for altering or amending a judgment. (Docket Entry No. 298 at 1–2). The Tremont Parties argue that Halliburton has presented no error of fact or newly presented evidence and that Halliburton's new legal arguments could and should have been made before the judgment issued and may not be raised for the first time under Rule 59. (*Id.* at 2). Halliburton has stated its intent to file a motion to stay the appeal pending resolution of its Rule 59 motion; the Tremont Parties argue that the Rule 59 motion should be quickly denied to allow the appeal to move forward. (*Id.* at 8).

## II.     The Rule 59 Standard

Rule 59 provides, in relevant part, that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: . . . (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B).   Under Rule 59, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59(a)(2).   A party may make a Rule 59 motion to

4

alter or amend a judgment within ten days.  *See* FED. R. CIV. P. 59(e).[1]

A Rule 59(e) motion to amend a judgment "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).  "Relief . . . is also appropriate when there has been an intervening change in the controlling law."  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *accord Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008) ("To obtain relief under Rule 59(e), the movant must (1) show that its motion is necessary to correct a manifest error of law or fact, (2) present newly discovered or

---

[1] Halliburton has not specified the section of Rule 59 it relies on.  Because Halliburton's requested relief involves setting aside the judgment and entering an order vacating the arbitration awards, and because the motion itself does not request a new arbitration or other form of new trial, the motion is best characterized as a motion to alter or amend the judgment under Rule 59(e), despite the fact that Halliburton titled its motion "Motion for New Trial or to Alter or Amend the Judgment."  To the extent that Halliburton relies on Rule 59(a) to seek a new trial or a rehearing of its motion to vacate, it does not meet the standard.  *See In re Omega Protein, Inc.*, No. 04 CV 02071, 2007 WL 1974309, at *2 (W.D. La. July 2, 2007) ("A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.") (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)); *see also Genova v. Town of Independence*, No. Civ. A. 97-726, 1998 WL 337891, at *1 (E.D. La. June 22, 1998) ("A motion for new trial in a non-jury case or a petition for rehearing should be based upon manifest error of law or mistake of fact; a judgment should not be set aside except for substantial reasons.") (citation omitted).  The arbitration awards themselves are reviewed under the narrow standard set out in the FAA and case law.

previously unavailable evidence, (3) show that its motion is necessary to prevent manifest injustice, or (4) show that its motion is justified by an intervening change in the controlling law.") (citation omitted).  The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citation omitted); *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995).  The Fifth Circuit has stated that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment."  *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (citation omitted).

## III.   Analysis

Halliburton does not argue that this court made a manifest error of fact.  Nor does Halliburton present new evidence.  Halliburton's argument that its due process rights were violated is best characterized as an argument that this court made a manifest error of law.

In the context of reviewing a district court's ruling, the Fifth Circuit has explained what constitutes "manifest error," as follows:

> "Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law". *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (citing BLACK'S LAW DICTIONARY 563 (7th ed. 1999)); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 490 (9th Cir. 2001) (Beezer, J., concurring); *LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 435 (5th Cir. 1982) (manifest error where district court employed wrong standard in excluding a witness); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("a manifest error is an obvious mistake or departure from the truth") (internal quotation omitted).

6

*Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).  Halliburton has not shown, or even argued, that this court disregarded controlling law.  Instead, Halliburton argues that this court violated Halliburton's due process rights by applying the controlling law regarding the standard of review for arbitration awards.  (Docket Entry No. 295 at 3).  Halliburton cites this court's statements that it could not vacate the arbitration awards even if it were to disagree with some of the arbitrators' findings and conclusions.  (*See id.* at 2–3).  But Halliburton's motion specifically recognizes that under Fifth Circuit precedent, an arbitrator's improper application of the law does not generally provide a basis for vacating the arbitrator's award.  (*Id.* at 3 (citing *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004))).  Halliburton's motion acknowledges that in *Hall Street*, the Supreme Court called into question the use of "manifest disregard" of the law as a basis to vacate an arbitrator's award independent from the statutory grounds set out in the FAA, 9 U.S.C. §§ 9–11.  (*Id.* at 6 ("[T]o the extent the [*Hall Street*] Court's opinion can be read as casting any doubt on manifest disregard as a non-statutory basis for vacatur, the Court itself signals the method by which the theory can be retained by acknowledging that the theory can be a shorthand for statutory bases for vacatur under the Federal Arbitration Act.")).  In confirming the arbitration awards, this court explained:

> Because the Supreme Court did not expressly decide whether the "manifest disregard" standard remains a separate basis for federal court review of arbitration decisions in at least some circumstances; because the Fifth Circuit has often approved of reviewing arbitration awards for "manifest disregard," *see, e.g.*, *Am. Laser Vision*, 487 F.3d at 259 (5th Cir. 2007); and because Halliburton sought vacatur on the basis of the Fifth Circuit's

"manifest disregard" standard, out of an abundance of caution *this court analyzes the parties' arguments using "manifest disregard" as both a summary of some of the statutory grounds and as an additional ground for vacatur.*

(Docket Entry No. 239 at 30 (emphasis added)).   In deciding to confirm the arbitration awards, this court analyzed them under both the "manifest disregard" standard cited in Fifth Circuit precedent before *Hall Street*[2] as well as under the statutory grounds for vacatur under the FAA.   Rather than arguing that this court misapplied the proper legal standard, Halliburton argues that the legal standard is itself erroneous.   (*See* Docket Entry No. 295 at 3 ("*Application of the governing standard of review* in this case, to the extent it allows affirmance of the arbitration awards and entry of judgment thereon even if the arbitration panel failed to follow the law, violates HESI's and DII's due process rights and justifies setting aside the Judgment in favor of a judgment that properly applies governing law.") (emphasis added)).

It is axiomatic that a district court may not overturn or disregard binding precedent. *See Taylor v. Johnson*, 257 F.3d 470, 472–73 (5th Cir. 2001) ("Because this decision [in *Green v. Polunsky*, 229 F.3d 486 (5th Cir. 2000)] is binding precedent, *United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999), *cert. denied*, 528 U.S. 1091, 120 S. Ct. 825, 145 L. Ed. 2d 694 (2000), the district court did not abuse its discretion in deciding that the free exercise claim lacks an arguable basis in law.").   And Halliburton points to no case law showing that the deferential review courts give to arbitration awards violates due process.

---

[2] The *Hall Street* opinion was issued six days before this court's order confirming the arbitration awards and had not yet been interpreted by other cases.

To the contrary, numerous cases decided before *Hall Street,* and the *Hall Street* opinion itself, have confirmed the limited, deferential review of arbitration decisions.  *See Hall Street*, 128 S. Ct. at 1405 ("Instead of fighting the text, it makes more sense to see the three provisions, §§ 9–11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway.  Any other reading opens the door to the full-bore legal and evidentiary appeals that can rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process, and bring arbitration theory to grief in post-arbitration process.") (internal quotation marks and citations omitted); *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam) ("Judicial review of a labor-arbitration decision pursuant to such [a collective-bargaining] agreement is very limited. Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual error or misinterprets the parties' agreement.") (citation omitted); *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."); *Am. Laser Vision, P.A. v. Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007) ("Even the failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award.  It is only when the arbitrator strays from the interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable.") (internal quotation marks and

9

citations omitted); *id.* at 259 ("Vacatur based on an arbitrator's manifest disregard of the law

. . . is extremely narrow, insisting on 'more than error or misunderstanding with respect to

the law.  The error must have been obvious and capable of being readily and instantly

perceived by the average person qualified to serve as an arbitrator.'") (quoting *Prestige Ford*

*v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003)); *id.* at 260 ("We

will not second-guess multiple, implicit findings and conclusions underpinning the award.

We do not decide if the award was free from error."); *Apache Bohai Corp. LDC v. Texaco*

*China BV*, 480 F.3d 397, 405 (5th Cir. 2007) ("'[I]t is the arbitrator's construction which was

bargained for; and so far as the arbitrator's decision concerns construction of the contract,

the courts have no business overruling him because their interpretation of the contract is

different than his.'") (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363

U.S. 593, 598–99 (1960)); *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 358 (5th Cir.

2004) ("'When an arbitrator resolves disputes regarding the application of a contract, and no

dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide

a basis for a reviewing court to refuse to enforce the award.'") (quoting *Garvey*, 532 U.S. at

510); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 (5th Cir. 2004)

("Uncertainty about arbitrators' reasoning cannot justify vacatur, for a court must resolve all

doubts in favor of arbitration.") (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d

337, 343 (5th Cir. 2004)); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320–21 (5th

Cir. 1994) ("In deciding whether the arbitrator exceeded its authority, we resolve all doubts

in favor of arbitration.") (citing *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 213

(5th Cir. 1993)); *Torch E & P Co. v. J.M. Huber Corp.*, No. H-06-1786, 2006 WL 3761814, at *3 (S.D. Tex. Dec. 20, 2006) ("The question of interpretation of the [Agreement] is a question for the arbitrator. *It is the arbitrator's construction which was bargained for;* and so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different than his.") (quoting *Kergosien*, 390 F.3d at 353), *aff'd*, No. 07-20032, 2007 WL 1991044 (5th Cir. July 6, 2007) (per curiam) (unpublished); *In the Matter of the Arbitration Between: Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 303 (S.D. Tex. 1997) (noting that "[j]udicial review of arbitrators' decisions is 'extraordinarily narrow' under the FAA . . . " in order to "'avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'") (citations omitted), *aff'd*, 161 F.3d 314 (5th Cir. 1998) (per curiam); *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 730–31 (N.D. Tex. 1997) ("Courts reviewing arbitral awards may not superimpose rigorous procedural limitations upon the conduct of the arbitrators.") (citation omitted); *see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) ("Congress's decision to permit sophisticated parties to trade the greater certainty of correct legal decisions by federal courts for the speed and flexibility of arbitration determinations is a reasonable legislative judgment that we have no authority to reject."); *Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199*, 116 F.3d 41, 45 (2d Cir. 1997) ("In contracting for arbitration of disputes . . ., the parties bargained for a decision by the arbitrator, not necessarily a good one, and that is what they received.") (citing *Misco*, 484

11

U.S. at 38); *cf. Kahara Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 299 (5th Cir. 2004) ("'The right to due process does not include the complete set of procedural rights guaranteed by the Federal Rules of Civil Procedure.'") (quoting *In the Matter of the Arbitration Between: Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 310 (S.D. Tex. 1997), *aff'd*, 161 F.3d 314 (5th Cir. 1998)).

Under these binding precedents, applying the deferential standard of review under the FAA and the cases applying the statute is not a manifest error of law.  Halliburton's arguments that arbitration is a quasi-judicial function, that judicial review of arbitration awards is a judicial function, and that parties "should not be required to bargain away the proper application of the law under which the claims arise," (Docket Entry No. 295 at 3), do not provide any basis for this court to disregard the many precedential decisions that reject vacatur of arbitration decisions simply because the district court would have decided the issue differently or because the district court disagrees with the arbitrators' legal conclusions. When parties bargain to resolve a dispute through binding arbitration, they agree to a more limited review process, necessary to achieve quick resolution.  *See Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) ("In consenting to arbitration, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.") (internal quotation marks and citations omitted).  Broad judicial inquiry into all of the factual and legal decisions made by arbitrators would circumvent the purpose of arbitration to provide a faster result.  *See id.* ("We employ this limited standard

12

of review and exercise caution in setting aside arbitration awards because one 'purpose behind arbitration agreements is to avoid the expense and delay of court proceedings.'") (citation omitted).  Halliburton has failed to show that this court made a manifest error of law in applying the binding precedents defining the standard for reviewing an arbitration award.

Rule 59 raises another obstacle to Halliburton's due process challenge.  The argument that its due process rights are violated by this standard should have been made before the partial final judgment was issued.  A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).  A Rule 59 motion may not be used to raise a new legal theory.  *See id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Halliburton's argument that the deferential standard of judicial review violates its due process rights is a new legal theory that has not previously been presented.  Halliburton argued its request for vacatur of the arbitration awards under the theory that the panel manifestly disregarded applicable law; Halliburton cannot now argue that the "manifest disregard" standard itself is a violation of its due process rights.[3]  Even after this court issued its opinion confirming the arbitration awards under both the "manifest disregard" standard

_____

[3]  Halliburton's argument that the *Hall Street* case did not dispose of the "manifest disregard" standard could also be characterized as a new legal theory.  Halliburton argues that even after *Hall Street*, "manifest disregard" remains a viable basis for vacatur. (Docket Entry No. 295 at 6).  Halliburton recognizes that "[i]n analyzing the arbitration awards in this case, this Court employed both the manifest disregard standard and the statutory factors."  (*Id.*).  Halliburton's arguments that *Hall Street* did not change the standard of review and that Halliburton is entitled to have this court's judgment vacated must rest on Halliburton's premise that application of the "manifest disregard" standard violates its due process rights. Yet Halliburton failed to raise this theory in urging the application of the "manifest disregard" standard. This is a new legal theory that is not properly presented for the first time under Rule 59.

13

used in the Fifth Circuit before *Hall Street* and the approach set out in that opinion, Halliburton could and should have raised its due process challenge to the standard of judicial review in response to the Tremont Parties' request for partial final judgment pursuant to Rule 54(b).  Halliburton did not raise the issue either in its responsive briefing or during the oral argument on the Tremont Parties' request for judgment under Rule 54(b).

Halliburton raised procedural due process arguments to challenge certain procedures used by the arbitration panel, and this court addressed those arguments in its opinion confirming the awards.  (*See* Docket Entry No. 239 at 85–88).  But Halliburton did not raise any due process arguments in its discussion about the judicial standard of review applied to arbitration awards.  Halliburton may not raise this issue for the first time in this Rule 59 motion.

Halliburton and the Tremont Parties are both sophisticated and extremely well represented.  Far from seeking to avoid the less rigorous procedures used in arbitration, Halliburton sought to have its disputes with the Tremont Parties regarding the Site submitted to binding arbitration and sought to have its related litigation claims stayed.  (*See* Docket Entry No. 33).  Halliburton agreed to, and pressed for, arbitration with full awareness of the limited and deferential judicial review applied to arbitration awards.  Halliburton cannot now assert that this standard of review is a due process violation.  *See Bowen*, 254 F.3d at 940 (disagreeing "with Amoco's contention that the limited judicial review of punitive damage awards by arbitrators violates due process," and explaining that "Amoco may not now oppose the very process it advocated and to which it voluntarily submitted") (citation

14

omitted); *Commonwealth Assocs. v. Letsos*, 40 F. Supp. 2d 170, 176–77 (S.D.N.Y. 1999) (finding the claim that arbitrator's award of punitive damages violates the Due Process Clause because of limited judicial review to be without merit, and noting that "[a]t least one clear response to the argument . . . is that Commonwealth's insistence that customer disputes be resolved by arbitration inherently accepted any limitations on judicial review of awards rendered in the arbitral forum.") (footnote omitted); *see also Davis v. Prudential Securities, Inc.*, 59 F.3d 1186, 1192, 1193 (11th Cir. 1995) (holding that "mere confirmation of a private arbitration award by a district court is insufficient state action to trigger the application of the Due Process Clause,"[4] but—assuming "*arguendo* that the district court's confirmation of the arbitration award does constitute state action triggering due process protections,"—finding no violation of due process in the narrow review afforded to punitive damages awarded by arbitrators, in part because it was "significant that PSI was a voluntary participant in the arbitration procedure"); *cf. Yonikus v. Indus. Comm'n*, 591 N.E.2d 890, 893 (Ill. App. Ct. 1992) ("The so-called 'right' to judicial review denied State employees is simply the absence of a particular procedural remedy which claimant concedes is not constitutionally mandated in the first instance.  The fact that the State has altered the procedural process by which State employees avail themselves of the benefits of the Act does not demonstrate that the State has improperly denied its employees any fundamental right or otherwise deprived them of due

---

[4] Neither Halliburton nor the Tremont Parties briefed the issue of whether a court's confirmation of arbitration awards under the FAA constitutes state action within the Due Process Clause.  The issue need not be decided because Halliburton has not otherwise shown a basis for asserting a due process violation or met the requirements under Rule 59 for a new trial or an amended judgment.

process.") (internal citation omitted).  In *Bowen*, the court explained that the fact that the parties agreed to participate in arbitration precluded an argument that due process rights were violated by limited judicial review of the arbitrators' punitive damage awards, and stated:

> Amoco not only voluntarily entered into arbitration, but also petitioned the district court to compel arbitration.  Before asking the district court to compel arbitration, Amoco was aware that the Bowens' cause of action included a claim for exemplary damages.  In addition, Amoco agreed to be governed by the broad language in the arbitration rules authorizing the granting of "any remedy or relief."  Amoco may not now oppose the very process it advocated and to which it voluntarily submitted.  *See Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1063–64 (9th Cir. 1991).  Because we conclude that Amoco is essentially foreclosed from arguing a due process violation, we need not decide whether arbitration constitutes state action.

*Bowen*, 254 F.3d at 940.  As in *Bowen*, Halliburton cannot claim a due process violation after voluntarily submitting to binding arbitration, agreeing to trade the more drawn-out process of litigation with its built-in layers of substantive review for the expedited arbitration process with its severely limited judicial review.  *See Kyocera*, 341 F.3d at 998 ("Congress's decision to permit sophisticated parties to trade the greater certainty of correct legal decisions by federal courts for the speed and flexibility of arbitration determinations is a reasonable legislative judgment that we have no authority to reject.").  Halliburton chose arbitration with its limited judicial review and insisted that the arbitration proceed in lieu of litigation.  Halliburton cannot now argue that its own choice violated its due process rights.

## IV.    Conclusion

Halliburton has not met the standards under Rule 59 for a new trial or for altering or

amending the judgment.  Halliburton's motion for a new trial or to alter or amend the judgment, (Docket Entry No. 295), is denied.

SIGNED on August 4, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge